1  MICHAEL B. HORROW (SBN 162917)
   DONNA PUYOT (SBN 305955)
2  DONAHUE & HORROW, LLP
   1960 E. Grand Ave., Suite 1215
3  El Segundo, California 90245
   Telephone: (310) 322-0300
4  Facsimile: (310) 322-0302
   Email: mhorrow@donahuehorrow.com
5  Email: dpuyot@donahuehorrow.com

6  Attorneys for Plaintiff and Counterdefendant,
   THAMBIAH SUNDARAM

7

8

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  THAMBIAH SUNDARAM, an individual, | Case No.: 2:16-cv-06218-BRO-AFM |
| 13                    Plaintiff, | |
| 14         v. | |
| 15  GENWORTH LIFE INSURANCE COMPANY, a Delaware entity, and | |
| 16  DOES 1 TO 100, | **STIPULATED PROTECTIVE ORDER** |
| 17                    Defendants. | |
| 18  GENWORTH LIFE INSURANCE COMPANY, a Delaware entity, | |
| 19 | |
| 20 | |
| 21                    Counterclaimant, | Complaint Filed:  June 20, 2016 |
| 22         v. | Trial Date:       Oct. 10, 2017 |
| 23  THAMBIAH SUNDARAM, an individual, | |
| 24 | |
| 25                    Counterdefendant, | |

26

27

28

DONAHUE & HORROW, LLP

**DONAHUE & HORROW, LLP**

1   TO THE HONORABLE ALEXANDER F. MacKINNON AND HIS COURT

2   CLERK:

3   WHEREAS, Plaintiff and Counterdefendant Thambiah Sundaram ("Dr.

4   Sundaram" or "Plaintiff"), per the Court's Standing Order, is prepared to produce

5   confidential and proprietary documents to Defendant and Counterclaimant Genworth

6   Life Insurance Company ("Genworth" or "Defendant") in the above-captioned action;

7   NOW TEHREFORE, IT IS HEREBY STIPULATED AND AGREED as

8   follows:

9

10   1.   A. <u>PURPOSES AND LIMITATIONS</u>

11   Discovery in this action is likely to involve production of confidential,

12   proprietary or private information for which special protection from public disclosure

13   and from use for any purpose other than prosecuting this litigation may be warranted.

14   Accordingly, the parties hereby stipulate to and petition the Court to enter the

15   following Stipulated Protective Order. The parties acknowledge that this Order does

16   not confer blanket protections on all disclosures or responses to discovery and that the

17   protection it affords from public disclosure and use extends only to the limited

18   information or items that are entitled to confidential treatment under the applicable

19   legal principles.

20

21   B. <u>GOOD CAUSE STATEMENT</u>

22   This action is likely to involve financial, trade secrets, commercial, technical

23   and/or proprietary information for which special protection from public disclosure and

24   from use for any purpose other than prosecution of this action is warranted. Such

25   confidential and proprietary materials and information consist of, among other things,

26   confidential business and financial information, information regarding confidential

27   business practices, or other confidential research, development, or commercial

28   information (including information implicating privacy rights of third parties),

STIPULATED PROTECTIVE ORDER

1   information otherwise generally unavailable to the public, or which may be privileged

2   or otherwise protected from disclosure under state or federal statutes, court rules, case

3   decisions, or common law.  Accordingly, to expedite the flow of information, to

4   facilitate the prompt resolution of disputes over confidentiality of discovery materials,

5   to adequately protect information the parties are entitled to keep confidential, to

6   ensure that the parties are permitted reasonable necessary uses of such material in

7   preparation for and in the conduct of trial, to address their handling at the end of the

8   litigation, and serve the ends of justice, a protective order for such information is

9   justified in this matter. It is the intent of the parties that information will not be

10  designated as confidential for tactical reasons and that nothing be so designated

11  without a good faith belief that it has been maintained in a confidential, non-public

12  manner, and there is a good cause why it should not be part of the public record of this

13  case.

14

15      C. <u>ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

16      The parties further acknowledge, as set forth in Section 12.3, below, that this

17  Stipulated Protective Order does not entitle them to file confidential information under

18  seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the

19  standards that will be applied when a party seeks permission from the court to file

20  material under seal.

21      There is a strong presumption that the public has a right of access to judicial

22  proceedings and records in civil cases. In connection with non-dispositive motions,

23  good cause must be shown to support a filing under seal. *See Kamakana v. City and*

24  *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

25  *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*

26  *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require

27  good cause showing), and a specific showing of good cause or compelling reasons

28  with proper evidentiary support and legal justification, must be made with respect to

Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable— constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.      DEFINITIONS

2.1 <u>Action</u>: this pending federal lawsuit.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause

Statement.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

DONAHUE & HORROW, LLP

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

DONAHUE & HORROW, LLP

1    If either party wishes to use the CONFIDENTIAL Information, or any portion

2 thereof, during trial of this action, the Parties will, in advance, confer in good faith to

3 agree upon a method to protect such CONFIDENTIAL Information.  Either party may

4 apply to the Court for a mechanism for maintaining the confidentiality of material

5 designated as CONFIDENTIAL Information.

6

7    5.    DESIGNATING PROTECTED MATERIAL

8        5.1 Exercise of Restraint and Care in Designating Material for Protection.

9        Each Party or Non-Party that designates information or items for protection

10 under this Order must take care to limit any such designation to specific material that

11 qualifies under the appropriate standards. The Designating Party must designate for

12 protection only those parts of material, documents, items or oral or written

13 communications that qualify so that other portions of the material, documents, items

14 or communications for which protection is not warranted are not swept unjustifiably

15 within the ambit of this Order.

16        Mass, indiscriminate or routinized designations are prohibited. Designations

17 that are shown to be clearly unjustified or that have been made for an improper

18 purpose (e.g., to unnecessarily encumber the case development process or to impose

19 unnecessary expenses and burdens on other parties) may expose the Designating

20 Party to sanctions.

21        If it comes to a Designating Party's attention that information or items that it

22 designated for protection do not qualify for protection, that Designating Party must

23 promptly notify all other Parties that it is withdrawing the inapplicable designation.

24        5.2 Manner and Timing of Designations. Except as otherwise provided in this

25 Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

26 or ordered, Disclosure or Discovery Material that qualifies for protection under this

27 Order must be clearly so designated before the material is disclosed or produced.

28

STIPULATED PROTECTIVE ORDER

1    Designation in conformity with this Order requires:

2         (a) for information in documentary form (e.g., paper or electronic

3    documents, but excluding transcripts of depositions or other pretrial or trial

4    proceedings), that the Producing Party affix at a minimum, the legend

5    "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

6    contains protected material. If only a portion of the material on a page qualifies for

7    protection, the Producing Party also must clearly identify the protected portion(s)

8    (e.g., by making appropriate markings in the margins).

9         A Party or Non-Party that makes original documents available for inspection

10    need not designate them for protection until after the inspecting Party has indicated

11    which documents it would like copied and produced. During the inspection and before

12    the designation, all of the material made available for inspection shall be deemed

13    "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

14    copied and produced, the Producing Party must determine which documents, or

15    portions thereof, qualify for protection under this Order. Then, before producing the

16    specified documents, the Producing Party must affix the "CONFIDENTIAL legend"

17    to each page that contains Protected Material. If only a portion of the material on a

18    page qualifies for protection, the Producing Party also must clearly identify the

19    protected portion(s) (e.g., by making appropriate markings in the margins).

20         (b) for testimony given in depositions that the Designating Party

21    identifies the Disclosure or Discovery Material on the record, before the close of the

22    deposition all protected testimony.

23         (c) for information produced in some form other than documentary and

24    for any other tangible items, that the Producing Party affix in a prominent place on the

25    exterior of the container or containers in which the information is stored the legend

26    "CONFIDENTIAL." If only a portion or portions of the information warrants

27    protection, the Producing Party, to the extent practicable, shall identify the protected

28    portion(s).

DONAHUE & HORROW, LLP

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3 <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving

– 9 –

DONAHUE & HORROW, LLP

1   Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

2   Protected Material must be stored and maintained by a Receiving Party at a

3   location and in a secure manner that ensures that access is limited to the persons

4   authorized under this Order.

5   7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

6   ordered by the court or permitted in writing by the Designating Party, a Receiving

7   Party may disclose any information or item designated "CONFIDENTIAL" only to:

8   (a) The Receiving Party's Outside Counsel of Record in this Action, as

9   well as employees of said Outside Counsel of Record to whom it is reasonably

10   necessary to disclose the information for this Action;

11   (b) The officers, directors, and employees (including House Counsel) of

12   the Receiving Party to whom disclosure is reasonably necessary for this Action;

13   (c) Experts (as defined in this Order) of the Receiving Party to whom

14   disclosure is reasonably necessary for this Action and who have signed the

15   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16   (d) The court and its personnel;

17   (e) Court reporters and their staff;

18   (f) Professional jury or trial consultants, mock jurors, and Professional

19   Vendors to whom disclosure is reasonably necessary for this Action and who have

20   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21   (g) The author or recipient of a document containing the information or a

22   custodian or other person who otherwise possessed or knew the information;

23   (h) During their depositions, witnesses, and attorneys for witnesses, in

24   the Action to whom disclosure is reasonably necessary provided they will not be

25   permitted to keep any confidential information unless they sign the "Acknowledgment

26   and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

27   Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to

28   depositions that reveal Protected Material may be separately bound by the court

reporter and may not be disclosed to anyone except as permitted under this Stipulated

Protective Order; and

(i) Any mediator or settlement officer, and their supporting personnel,

mutually agreed upon by any of the parties engaged in settlement discussions.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

STIPULATED PROTECTIVE ORDER

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

DONAHUE & HORROW, LLP

STIPULATED PROTECTIVE ORDER

DONAHUE & HORROW, LLP

1  10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

2       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

3  Protected Material to any person or in any circumstance not authorized under this

4  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

5  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

6  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

7  persons to whom unauthorized disclosures were made of all the terms of this Order,

8  and (d) request such person or persons to execute the "Acknowledgment and

9  Agreement to Be Bound" that is attached hereto as Exhibit A.

10

11  11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

12       PROTECTED MATERIAL

13       When a Producing Party gives notice to Receiving Parties that certain

14  inadvertently produced material is subject to a claim of privilege or other protection,

15  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

16  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

17  may be established in an e-discovery order that provides for production without prior

18  privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

19  parties reach an agreement on the effect of disclosure of a communication or

20  information covered by the attorney-client privilege or work product protection, the

21  parties may incorporate their agreement in the stipulated protective order submitted to

22  the court.

23

24  12.  MISCELLANEOUS

25       12.1 Right to Further Relief. Nothing in this Order abridges the right of any

26  person to seek its modification by the Court in the future.

27       12.2 Right to Assert Other Objections. By stipulating to the entry of this

28  Protective Order, no Party waives any right it otherwise would have to object to

**DONAHUE & HORROW, LLP**

1  disclosing or producing any information or item on any ground not addressed in this

2  Stipulated Protective Order. Similarly, no Party waives any right to object on any

3  ground to use in evidence of any of the material covered by this Protective Order.

4        12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any

5  Protected Material must comply with Local Civil Rule 79-5. Protected Material may

6  only be filed under seal pursuant to a court order authorizing the sealing of the

7  specific Protected Material at issue. If a Party's request to file Protected Material

8  under seal is denied by the court, then the Receiving Party may file the information in

9  the public record unless otherwise instructed by the court.

10

11  13.     <u>FINAL DISPOSITION</u>

12        After the final disposition of this Action, as defined in paragraph 4, within 60

13  days, each Receiving Party must return all Protected Material to the Producing Party

14  or destroy such material. As used in this subdivision, "all Protected Material" includes

15  all copies, abstracts, compilations, summaries, and any other format reproducing or

16  capturing any of the Protected Material. Whether the Protected Material is returned or

17  destroyed, the Receiving Party must submit a written certification to the Producing

18  Party (and, if not the same person or entity, to the Designating Party) by the 60 day

19  deadline that (1) identifies (by category, where appropriate) all the Protected Material

20  that was returned or destroyed and (2) affirms that the Receiving Party has not

21  retained any copies, abstracts, compilations, summaries or any other format

22  reproducing or capturing any of the Protected Material. Notwithstanding this

23  provision, Counsel are entitled to retain an archival copy of all pleadings, motion

24  papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

25  deposition and trial exhibits, expert reports, attorney work product, and consultant and

26  expert work product, even if such materials contain Protected Material. Any such

27  archival copies that contain or constitute Protected Material remain subject to this

28  Protective Order as set forth in Section 4 (DURATION).

14.    <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: April 19, 2017

*/s/ Donna Puyot*
Michael B. Horrow
Donna Puyot
Attorneys for Plaintiff


DATED: April 19, 2017

*/s/ Joshua Kroot*
Ronald D. Kent
Joshua Kroot
Attorneys for Defendant


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED: 4/21/2017

ALEXANDER F. MacKINNON
United States Magistrate Judge

DONAHUE & HORROW, LLP

## **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

_____ [date] in the case of *Thambiah Sundaram v. Genworth Life Insurance*

*Company*, Case No. 2:16-cv-06218-BRO-AFM.  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER